FORM B104 (08/07)                                                      2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
Alma Garcia

**DEFENDANTS**
Jose Socorro Ibarra

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Elena Popp, 633 W. 5th Street, Suite 2800 Los Angeles, CA (213) 223-2028; Steven Ashford, 477 Sepulveda Street, San Pedro, CA (310) 951-9681

**ATTORNEYS** (If Known)

RECEIVED
MAY 09 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor    ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor    ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff files this action based on Bankruptcy Code 523(a)(6) and (c)(1). Claims asserted arise out of a wrongful eviction action.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☒ Check if this case involves a substantive issue of state law     ☐ Check if this is asserted to be a class action under FRCP 23

☒ Check if a jury trial is demanded in complaint     Demand $ 492,532.00

**Other Relief Sought**
Attorney fees

FORM B104 (08/07), page 2                                          2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Jose Socorro Ibarra | | **BANKRUPTCY CASE NO.** <br> 2:11-bk-13315 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* | | |
| **DATE** <br> 5/9/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Steven Ashford <br> Elena Popp | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Elena I. Popp, SBN 129531<br>633 W. 5th Street, Suite 2800<br>Los Angeles, CA 90071<br>(Tel) 213-223-2028; (fax) 866-457-5240<br><br>Steven Ashford, SBN 181816<br>477 Sepulveda Street<br>San Pedro, CA 90731<br><br>*Attorney for Plaintiff* Alma Garcia<br><br>RECEIVED MAY 09 2011 CLERK U S BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY Deputy Clerk | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: JOSE SOCORRO IBARRA | CHAPTER 7 |
|---|---|
| | CASE NUMBER 2:11-bk-13315 |
| Debtor. | ADVERSARY NUMBER |
| ALMA GARCIA<br>Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs.<br><br>JOSE SOCORRO IBARRA<br>Defendant(s). | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☐ 255 East Temple Street, Los Angeles        ☐ 411 West Fourth Street, Santa Ana

☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                                                **F 7004-1**

Summons and Notice of Status Conference - Page 2     **F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: 2:11-bk-13315 |
|---|---|---|
| JOSE SOCORRO IBARRA | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:




☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.




☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.




☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____  _____  _____
*Date*  *Type Name*  *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)     **F 7004-1**

1  ELENA I. POPP, SBN 129531
   LAW OFFICE OF ELENA I. POPP
2  633 W. Fifth Street, Suite 2800
   Los Angeles, California  90071
3  Tel:   213-223-2028
   Fax:   866-457-5240
4
5  STEVEN D. ASHFORD, SBN 181816
   Attorney at Law
   477 Sepulveda Street, #1
6  San Pedro, California  90731
   Tel:   310-951-9681
7  Fax:   310-933-1687

8  Attorneys for Plaintiff Alma Garcia

9

FILED
MAY 09 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

10                  UNITED STATES BANKRUPTCY COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

13  IN RE                              )  Case No.: 2:11-bk-13315
                                       )  Chapter 7
14  JOSE SOCORRO IBARRA,               )  Adversary No.:
                                       )
15         Debtor                      )  COMPLAINT TO DETERMINE
                                       )  DISCHARGEABILITY OF DEBT
16  _____)
                                       )
17  ALMA GARCIA,                       )
                                       )
18         Plaintiff,                  )  (Hearing date to be set by summons)
19                                     )
            v.                         )
20                                     )
    JOSE SOCORRO IBARRA,               )
21                                     )
           Defendant.                  )
22                                     )
                                       )
23                                     )
                                       )
24  _____)

25

26         Plaintiff ALMA GARCIA alleges as follows:

27                                   1

28                              COMPLAINT

1. This adversarial proceeding arises out of debtor JOSE SOCORRO IBARRA's Chapter 7 Case Number 2:11-bk-13315 filed with the U.S. Bankruptcy Court, Central District of California on January 25, 2011. This Court thus has jurisdiction over this action under 28 U.S.C. Section 1334. This proceeding is a core proceeding.

2. Plaintiff requests attorneys fees.

3. Plaintiff files this adversary proceeding pursuant to Bankruptcy Code Section 523(a)(6) and (c)(1), and Bankruptcy Rule 7001(6), and alleges that certain claims by Alma Garcia against Jose Socorro Ibarra are non-dischargeable because they arose out of conduct constituting willful and malicious injury to Alma Garcia. Alma Garcia was wrongfully evicted from her rent controlled apartment unit when she was current on her rent payments.

4. Those claims by Alma Garcia against Jose Ibarra resulted in a civil action in the Los Angeles Superior Court, Central District, entitled *Alma Garcia v. Jose Ibarra, et al.*, case number BC421024, and filed on September 2, 2009. Plaintiff alleged four causes of action: (1) abuse of process; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) and violation of business and professions code section 17200. Plaintiff sought general damages, special damages and punitive damages.

5. Trial in the state case was set to commence on January 26, 2011. However, Defendant Jose Soccoro Ibarra and Teresa Ibarra each filed separate Chapter 7 Petitions on January 25, 2011 or January 26, 2011.

COMPLAINT

6. Plaintiff Alma Garcia is an individual and a resident of the County of Los Angeles at all times relevant to this complaint.

7. Defendant Jose Ibarra is an individual and a resident of the County of Los Angeles at all times relevant to this complaint.

8. Plaintiff Alma Garcia and Defendant Jose Ibarra began dating in 1996.

9. In 1998, Defendant Jose Ibarra and Teresa Ibarra purchased residential rental income property located at 521-521 ¾ North Evergreen Avenue, Los Angeles, California 90033, consisting of four units.

10. On or about July 1, 2000, Defendant Jose Ibarra and Teresa Ibarra rented their unit at 521 ¾ Evergreen to Plaintiff Alma Garcia in the amount of $450 per month pursuant to a written rental agreement.

11. Alma Garcia's rental unit was protected by the Los Angeles Rent Stabilization Ordinance, which limits the amount that landlords may increase rent charged to tenants.

12. Defendant Jose Ibarra and Teresa Ibarra each maintained and occupied their own apartment units, separate and distinct from Alma Garcia's unit. Defendant Jose Ibarra occupied 521 Evergreen Avenue, and Teresa Ibarra occupied 521 ½ Evergreen Avenue.

13. On or about March 1, 2001, Plaintiff Alma Garcia gave birth to Ivonne Ibarra, and Jose Ibarra is the biological father of Ivonne Ibarra.

14. In addition to Ivonne Ibarra, two other minor children resided with Plaintiff Alma Garcia in her unit.

15. In 2004, Defendant Jose Ibarra and Alma Garcia ended their relationship.

16. Plaintiff Alma Garcia is informed and believes and alleges that Defendant Jose Ibarra did not want to pay child support and made every effort to avoid his obligation.

17. Plaintiff is informed and believes and alleges that Defendant Jose Ibarra sought to avoid or minimize his child support obligation by transferring his interest in the apartment complex to Teresa Ibarra without consideration and by falsely advising the family law court that he was giving half of his rental income to Plaintiff Alma Garcia. Plaintiff Alma Garcia advised the family law court that Defendant Jose Ibarra was in fact not paying her any rental property income.

18. Jose Ibarra was ordered to pay child support and was angry that he had to make the payments.

19. On or about June 14, 2008, Stallion X Group, Inc. took over as managers for the apartment complex.

20. Plaintiff Alma Garcia was never late in her rent payments.

21. Despite being current in her rent payments, Stallion X Group, Inc., Teresa Ibarra and Defendant Jose Ibarra conspired to wrongfully evict Plaintiff Alma Garcia from her rental unit and caused to be filed an unlawful detainer action against Plaintiff Alma Garcia based on non-payment of rent, *Stallion X Group, Inc. v. Jose Ibarra*, case number 08U15195, in the Los Angeles Superior Court, Central District.

22. The summons and complaint in that action were never served on Plaintiff. Despite that Jose Ibarra lived in a completely different unit than Alma Garcia's unit, Jose Ibarra

intercepted the summons and complaint and answered said complaint as if he were a tenant in Alma Garcia's unit when he knew he was not a tenant of the unit.

23.    Jose Ibarra, Teresa Ibarra and Stallion X Group Inc. knowingly and actively concealed the existence of the unlawful detainer proceedings from Plaintiff Alma Garcia. As a direct result of this concealment, a default judgment was entered against Defendant Jose Ibarra for possession of Plaintiff Alma Garcia's rental unit. A writ of possession was thereafter issued. A notice to vacate was also issued. However, the notice to vacate was never served on Plaintiff Alma Garcia, nor was it ever posted on her apartment unit.

24.    Without any prior notice to Plaintiff Alma Garcia, on or about January 14, 2009, Los Angeles County Sheriff deputies arrived at Alma Garcia's unit for a lock out. The sheriffs asked for "Jose Ibarra." Despite being told by Alma Garcia's relatives that Jose Ibarra did not live in the unit, the sheriffs proceeded with the lock out.

25.    Alma Garcia was later told that she was evicted for non-payment of rent. As a result of the lockout, Alma Garcia and her children were forced to live in a car for several days. They then lived in a shelter for a period of time before being able to collect sufficient funds to secure new housing. She now pays market rent for a smaller rental unit.

26.    Despite knowledge that Alma Garcia was locked out of her apartment, Defendant Jose Ibarra did nothing to restore her tenancy or take corrective action.

27.    Defendant Jose Ibarra conspired with Teresa Ibarra and Stallion X Group, Inc. to wrongfully evict Alma Garcia, to engage in abuse of process by securing a writ of possession for

property which was not occupied by Jose Ibarra, and to intentionally and negligently inflict emotional distress on Alma Garcia.

### FIRST CAUSE OF ACTION

### (Wrongful Eviction)

28.   Plaintiff hereby restates, realleges and incorporates by reference herein, paragraphs 1 through 27 of this complaint, as though fully set forth herein.

29.   In doing the acts stated above, Defendant Jose Ibarra caused Plaintiff to be wrongfully evicted from her home.

30.   As a proximate result of Defendant's conduct, Plaintiff suffered mental anguish, mental distress, the loss of her rent controlled unit and other out of pocket losses.

31.   Defendant Jose Ibarra committed the acts willfully, maliciously and oppressively, with the wrongful intention of injuring Plaintiff.   Plaintiff is therefore entitled to an award of punitive damages.

### SECOND CAUSE OF ACTION

### (Abuse of Process))

32.   Plaintiff hereby restates, realleges and incorporates by reference herein, paragraphs 1 through 31 of this complaint, as though fully set forth herein.

33.   Defendant Jose Ibarra conspired with Teresa Ibarra and Stallion X Group and caused various documents to be filed in *Stallion X Group, Inc. v. Jose Ibarra* , 08U15195 to be issued, levied and primarily used for a purpose for which they were not intended.  To wit, the purpose for which the writ of possession was issued was to recover possession of real property

occupied by Jose Ibarra. However, the aforesaid writ was instead used to wrongfully obtain possession of real property which was not occupied by Jose Ibarra but instead, was occupied by Alma Garcia and her family.

34    As a direct and proximate result of the wrongful eviction, Plaintiff Alma Garcia suffered actual damages, including the loss of her rent controlled apartment, mental anguish, emotional distress, attorneys fees and costs.

35    Defendant Jose Ibarra committed the acts alleged herein willfully, maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's civil rights, heath, safety and economic condition.

36.    Accordingly, Plaintiff requests an assessment of punitive damages against Defendant Jose Ibarra in an amount appropriate to punish and make an example of him.

### THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

37    Plaintiff hereby restates, realleges and incorporates by reference herein, paragraphs 1 through 36 of this complaint, as though fully set forth herein.

38.    The conduct by Defendant against Plaintiff as alleged herein, including without limitation, causing Plaintiff to be wrongfully locked out of her home under color of law constituted extreme and outrageous conduct.

39. Defendant knew, or acted with reckless indifference to the probable consequences of his conduct, that the wrongful lockout would cause Plaintiff to suffer severe emotional distress.

40. Defendant Jose Ibarra committed the acts alleged herein willfully, maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's civil rights, heath, safety and economic condition. Accordingly, Plaintiff requests an assessment of punitive damages against Defendant Jose Ibarra in an amount appropriate to punish and make an example of him.

## FOURTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

41. Plaintiff hereby restates, realleges and incorporates by reference herein, paragraphs 1 through 40 of this complaint, as though fully set forth hererin.

42. In doing the acts alleged above, Defendant Jose Ibarra owed Plaintiff a duty not to interfere with her possessory interests in her apartment unit and acted negligently with respect to the rights and interests of plaintiff with respect to her tenancy and her emotional well being.

43. As a direct and proximate result of this breach, Plaintiff suffered emotional distress, anguish, and actual damages.

44. Defendant Jose Ibarra committed the acts alleged herein willfully, maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and

intentional motive amounting to malice and in conscious disregard of Plaintiff's civil rights, heath, safety and economic condition. Accordingly, Plaintiff requests an assessment of punitive damages against Defendant Jose Ibarra in an amount appropriate to punish and make an example of him.

WHEREFORE, Alma Garcia respectfully requests that the court:

1. Grant judgment in her favor and against the defendant for general and special damages, punitive damages, for attorneys fees and costs of suit, in the sum of at least $492,532.

2. Hold the claims alleged in this complaint nondischargeable pursuant to 11 U.S.C. Section 523(a)(6).

3. Grant any other relief as the court deems proper.

Dated: May 9, 2011

_____
Steven Ashford,
Elena Popp, Attorneys for
Plaintiff Alma Garcia

9

COMPLAINT